# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LYLE M. WAGNER,**                                      **PETITIONER**

**v.**                                                   **No. 3:13CV112-M-V**

**ARTHUR SMITH, ET AL.**                               **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lyle M. Wagner for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition, and Lyle has responded. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted and the petition dismissed for failure to exhaust state remedies.

## Facts and Procedural Posture

The Petitioner, Lyle Wagner, is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Wagner pled guilty to one count of conspiracy to manufacture methamphetamine in the Circuit Court of Desoto County, Mississippi. On January 4, 2013, he was sentenced to serve six years in the custody of the Mississippi Department of Corrections ("MDOC"), with five years post-release supervision. *See* ECF, Doc. 6, p. 7-10. According to the records of the Mississippi Supreme Court Clerk's office and the office of the Desoto County Circuit Clerk, Wagner has not filed a motion for post-conviction relief.

In his current *habeas corpus* petition, filed on April 26, 2013, Wagner raises the following issues *pro se* (as summarized by the State):

**Ground One.** Petitioner's arrest was unjust and illegal.

**Ground Two.** Violation of Petitioner's right to a speedy trial.

**Ground Three.** Petitioner did not receive a warrant or an arraignment hearing.

**Ground Four.** Petitioner pleaded guilty without knowing of testimony of codefendants.

**Ground Five.** Petitioner disputes the prior convictions presented by the state at sentencing.

Wagner requests that this court vacate his conviction and release him from incarceration – or to grant him a sentence reduction hearing.

## Discussion

This case is governed by 28 U.S.C. § 2254, which provides in part:

(b)(1) An application for a writ of habeas corpus o n behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.

. . .

(c) An applicant shall not be deemed to have exhausted th e remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1) and (c).

In inmate seeking federal *habeas corpus* relief in must exhaust "all claims in state court under § 2254(b) prior to requesting federal collateral relief." *Sterling v. Scott*, 26 F.3d 29, 30 (5th Cir. 1994). To satisfy the exhaustion requirement, the applicant must present his claims to the state's highest court and provide state courts an fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); see also *Carter v.*

*Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1989).

Wagner has not, however, exhausted his claims in state court. Wagner has available state remedies through which to exhaust his claims, as he may file a motion for post-conviction relief in the state trial court within three years of the entry of the judgement of conviction – and appeal any adverse decision to the Mississippi Supreme Court. MISS. CODE ANN. § 99-39-5 and § 99-39-7. Wagner will have exhausted his state remedies only after presenting his claims to the state's highest court in a procedurally proper manner. He has not yet done so.

As Wagner has not exhausted his remedies in state court, the instant petition will be dismissed without prejudice. *See* 28 U.S.C. § 2254(b)(1) and (c), *supra*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982); *Duckworth v. Serrano*, 454 U.S. 1 (1981). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 29th day of August, 2013.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**